UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMANDA D. TUCKER MEUSE, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> RAMONA ELLIOTT, *et al.*, ) <br> ) <br> *Defendants*. ) | Civil Action No. 22-1175 (UNA) |

## MEMORANDUM OPINION

The Court found that the plaintiff's original Complaint, Dkt. 1, failed to comply with the minimum pleading standard set forth in Federal Rule of Civil Procedure 8, as it failed to contain "a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing that the [plaintiff] is entitled to relief, and a demand for the relief" the plaintiff seeks. Fed. R. Civ. P. 8(a). Pursuant to the Court's June 6, 2022, Order, Dkt. 3, plaintiff filed an amended Complaint, Dkt. 4, on June 7, 2022. The plaintiff since has filed three motions, Dkts. 5, 6, 9, one notice, Dkt. 7, exhibits, Dkt. 8, a Case Designation Cover Sheet, Dkt. 10, and a second amended Complaint, Dkt. 11, none of which has identified a viable legal claim and this Court's jurisdiction to entertain it.

For example, the plaintiff relies on 12 U.S.C. § 1818 as a basis for this Court's jurisdiction, but the plaintiff is not a proper plaintiff to an action under this statute. *See Tucker v. Field*, No. 21-CV-0437, 2022 WL 706527 at *4 n.10 (D. Hawaii Mar. 9, 2022). To the extent the plaintiff is challenging the outcome of bankruptcy proceedings, this federal district is not the proper forum, and at any rate, the plaintiff has pursued an assortment of bankruptcy-related appeals elsewhere, *see id.* at *4 n.11; *see e.g., In re Tucker*, No. 14-CV-0136, 2014 WL 3956769 (D. Hawaii Aug. 12, 2014), which this Court may not review, *see, e.g., United States v. Choi*, 818 F. Supp. 2d 79, 85

1

(D.D.C. 2011) (noting that district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)).

Even if the Court had subject matter jurisdiction, it is impossible to determine what claim or claims the plaintiff brings against each defendant. For example, the plaintiff identifies six defendants in the caption of her second amended Complaint and mentions several other individuals in the body of the pleading, leaving the Court to guess which of those individuals is a party defendant. No defendant can be expected to respond to the plaintiff's Complaint, as amended, and the Court declines to burden defendants by forcing them to "select the relevant material from a mass of verbiage." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply" with Rule 8's requirements, "the district court has the power, on motion or *sua sponte*, to dismiss the complaint," especially in "cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotation marks omitted)).

Absent a viable legal claim properly brought before the Court, the Complaint, as amended, will be dismissed, and plaintiff's motions will be denied as moot. A separate order will issue.

DATE: July 25, 2022

/s/ *[signature]*
CARL J. NICHOLS
United States District Judge